**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Jonathan Nicolas, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

Financial Asset Management Systems, Inc.,

        Defendant.

Case No:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

-----------------------------------------------------------------------/

Jonathan Nicolas, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Financial Asset Management Systems, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of Florida.

1

## PARTIES

5. Plaintiff Jonathan Nicolas is an individual who is a citizen of the State of Florida residing in Miami-Dade County, Florida.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Financial Asset Management Systems, Inc., is a Georgia Corporation with a principal place of business in Cherokee County, Georgia.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 4, 2020. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

26. Plaintiff repeats and realleges 7, 13, 14, 17, 20, and 22 through 25 the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

29. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

30. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e

31. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

32. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

33. The Letter states, "As of the date of this letter, you owe $17,264.78. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment. For further information, write the undersigned PO Box 1729, Woodstock, GA 30188-1394 or call 1-866-330-2703."

34. The least sophisticated consumer would likely understand such statement to mean that interest was accruing on the alleged Debt.

35. The least sophisticated consumer would be unsure whether the amount of the alleged Debt was $17,264.78, or $17,264.78 plus "interest, late charges, and other charges that may vary from day to day."

36. Upon information and belief, interest, late charges, or other charges were not accumulating on the alleged Debt at the time the Letter was sent.

37. Upon information and belief, interest, late charges, or other charges were not accumulating on the alleged Debt at the time the alleged Debt was with Defendant.

38. The inclusion of the above-referenced statement, when the alleged Debt was not accruing interest at the time the Letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

39. The inclusion of the above-referenced statement, when the alleged Debt was not accruing interest at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

40. The inclusion of the above-referenced statement, when the alleged Debt was not accruing other charges at the time the letter was sent, is deceptive within the meaning of 15 U.S.C. § 1692e.

41. The inclusion of the above-referenced statement, when the alleged Debt was not accruing other charges at the time it was with Defendant, is deceptive within the meaning of 15 U.S.C. § 1692e.

42. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the amount of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

43. The least sophisticated consumer would likely be deceived by the Letter.

44. The least sophisticated consumer would likely be deceived in a material way by the Letter.

45. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

Barshay Sanders PLLC

## SECOND COUNT
## Violation of 15 U.S.C. § 1692f

46. Plaintiff repeats and realleges 7, 13, 14, 17, 20, 22 through 25, 33, 34, 35, and 36 through 46 the foregoing paragraphs as if fully restated herein.

47. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

48. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

49. Defendant maintains a website at www.famspayonline.net.

50. Defendant's payment portal states that Defendant charges a convenience fee for payments made.

51. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law

52. Such convenience fee is prohibited by 15 U.S.C. § 1692f(1).

53. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692f and is liable to Plaintiff therefor.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e

54. Plaintiff repeats and realleges 7, 13, 14, 17, 20, 22 through 25, 33, 34, 35, 36 through 46, 50, 51, 52, and 53 the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

56. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

57. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

58. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

59. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that Defendant was legally entitled to collect the fee.

60. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

61. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e and is liable to Plaintiff therefor.

### FOURTH COUNT
### Violation of § 559.72 of the FCCPA

62. Plaintiff repeats and realleges 7, 13, 14, 17, 20, 22 through 25, 33, 34, 35, 36 through 46, 50, 51, 52, 53, and 60 through 62 the foregoing paragraphs as if fully restated herein.

63. Section 559.72(9) of the FCCPA provides that a debt collector shall not: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

64. The least sophisticated consumer would be led to believe that the website claims that Defendant was entitled to be paid an illegitimate convenience fee, in violation of Section 559.72(9) of the FCCPA.

65. The least sophisticated consumer would be led to believe that the website attempts to collect an illegitimate convenience fee, in violation of Section 559.72(9) of the FCCPA.

66. For the foregoing reasons, Defendant Section violated Section 559.72(9) of the FCCPA and is liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of § 559.72 of the FCCPA

67. Plaintiff repeats and realleges 7, 13, 14, 17, 20, 22 through 25, 33, 34, 35, 36 through 46, 50, 51, 52, 53, 60 through 62, and 63 through 67 the foregoing paragraphs as if fully restated herein.

68. Section 559.72(9) of the FCCPA provides that a debt collector shall not: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

69. The least sophisticated consumer would be led to believe that the alleged Debt was accruing interest, late charges, or other charges when in fact the alleged Debt was not accruing such charges, in violation of Section 559.72(9) of the FCCPA.

70.     For the foregoing reasons, Defendant Section violated Section 559.72(9) of the FCCPA and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

71.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida.

72.     Plaintiff seeks to certify two classes of:

> i. All consumers to whom Defendant sent a collection letter alleging the alleged Debt was accruing interest, late charges, or other charges when in fact the alleged Debt was in fact not accruing such charges, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers from whom Defendant attempted to collect an unlawful convenience fee on or after a date one year prior to the filing of this action to the present.

73.     This action seeks a finding that Defendant's conduct violates the FDCPA and FCCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and Fla. Stat. § 559.77.

74.     The Class consists of more than thirty-five persons.

75.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

77.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's

conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

   a. Certifying this action as a class action; and

   b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

   c. Finding Defendant's actions violate the FDCPA and FCCPA; and

   d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

   e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

   f. Actual damages, statutory damages and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2);

   g. Granting Plaintiff's costs; all together with

   h. Such other relief that the Court determines is just and proper.

DATED: April 8, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119161